UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DANIEL JAY PEREZ,

                Plaintiff,

v.

CHERYL STRANGE, *et al.*,

                Defendants.

CASE NO. C23-5008-JHC-SKV

REPORT AND RECOMMENDATION

## I.    INTRODUCTION AND SUMMARY CONCLUSION

This is a civil rights action proceeding under 42 U.S.C. § 1983. Plaintiff Daniel Perez alleges in this action violations of his federal constitutional rights relating to the mental health and medical care provided him at the Monroe Corrections Complex ("MCC") – Special Offender Unit ("SOU") in 2021-22. This matter comes before the Court on Defendants' motion for partial judgment on the pleadings seeking dismissal of certain claims and Defendants pursuant to Fed. R. Civ. P. 12(c). Dkt. 42. Plaintiff has filed a response opposing in part Defendants' motion, and Defendants have filed a reply to Plaintiff's response.[1] Dkts. 43, 44.

---

[1] Plaintiff also filed a surreply to Defendants' reply in which he seeks to clarify various aspects of his opposition brief. *See* Dkt. 46. Pursuant to Local Civil Rule ("LCR") 7(g), a surreply is limited to addressing a request to strike materials contained in or attached to a reply brief. LCR 7(g) specifically provides that a surreply filed for any other reason will not be considered. Plaintiff's surreply does not

REPORT AND RECOMMENDATION
PAGE - 1

The Court, having reviewed Defendants' motion, and the balance of the record, concludes that Defendants' motion for partial judgment on the pleadings should be granted in part and denied in part, as described below, and that Plaintiff should be granted leave to file a second amended complaint clarifying his claims against certain Defendants.

## II.   BACKGROUND

On January 4, 2023, Plaintiff Daniel Perez submitted to the Court for filing an application to proceed with this action *in forma pauperis* ("IFP") and a proposed prisoner civil rights complaint. Dkt. 1. The following day, Plaintiff filed a motion to strike his initial pleading and submitted another application to proceed IFP together with a proposed amended complaint. Dkts. 4, 5. On February 9, 2023, the Court granted Plaintiff's application to proceed IFP and his motion to strike his initial pleading, and Plaintiff's amended complaint was filed. Dkts. 6, 7. On the same date, the Court issued an Order directing service of Plaintiff's amended complaint on the eighteen Defendants named therein. Dkt. 8.

Plaintiff identified five causes of action in his amended complaint. *See* Dkt. 7 at 30-31. Specifically, Plaintiff alleged in his first cause of action that Defendants violated his Eighth Amendment rights by failing to provide him with adequate medical and mental health care and treatment, and by interfering with his prescribed and/or recommended course of mental health treatment. *Id*. at 30. Plaintiff alleged in his second cause of action that Defendants violated his Eighth Amendment rights by failing to adequately respond to his substantial risk of self-harm and thereby subjecting him to needless psychological pain and physical injury. *Id*. at 30-31. Plaintiff alleged in his third and fourth causes of action that Defendants conspired to violate his

---

contain a request to strike, it merely attempts to clarify his previous arguments. This is not a proper purpose for a surreply and the brief will therefore not be considered.

REPORT AND RECOMMENDATION
PAGE - 2

constitutional rights. *Id.* at 31. Plaintiff did not explain in his third cause of action the nature of the conspiracy alleged therein, but he alleged somewhat more specifically in his fourth cause of action that Defendants entered into a conspiracy to deter his mental health care provider from "testifying freely, fully, and truthfully" as a witness. *See id*. Plaintiff alleged in his fifth cause of action a state law negligence claim. *See id*. In addition, Plaintiff included in his statement of facts what might reasonably be construed as a retaliation claim; in particular, Plaintiff appeared to allege that he had been transferred out of his preferred housing unit in retaliation for exercising his First Amendment rights. *See id*. at 21.

Plaintiff identified the following eighteen Defendants in his amended complaint: Cheryl Strange, Secretary of the Washington Department of Corrections ("DOC"); Karie Rainer, Mental Health Director of the DOC; Traci Drake, Chief of Psychology at MCC; Jack Warner, Superintendent at MCC-SOU; Lisa Anderson, Associate Superintendent at MCC-SOU; Kari Styles, Correctional Program Manager at MCC-SOU; Tanya Browne, Psychologist at MCC-SOU; Larry Conner, Correctional Mental Health Unit Supervisor at MCC-SOU; Michael Clayton, Sergeant at MCC-SOU; MCC-SOU Correctional Officers Howard Madison, Eleam Dantavian[2], Susan Warner, Charles Gray, Monte Walker, and Tanner Feemster; MCC-SOU Registered Nurses Christina Kalumbi and Keith Schafer; and Amy Hamilton, Correctional Mental Health Counselor at MCC-SOU. Dkt. 7 at 10-11. Plaintiff requested a declaratory judgment, injunctive relief, and damages. *Id*. at 31.

Defendants filed an answer to Plaintiff's amended complaint on April 10, 2023, and on

---

[2] Plaintiff identified this Defendant as Correctional Officer Eleum in his amended complaint. *See* Dkt. 7 at 11. Defendants, in their answer to Plaintiff's pleading, indicated that they believed Plaintiff to be referring to Officer Eleam Dantavian. *See* Dkt. 30 at 1 n.1. Plaintiff does not challenge this representation by Defendants.

REPORT AND RECOMMENDATION
PAGE - 3

May 2, 2023, the Court entered a pretrial scheduling order establishing deadlines for the completion of discovery and the filing of dispositive motions. Dkts. 30, 35. On June 1, 2023, counsel appeared on behalf of Plaintiff and, on June 5, 2023, the parties submitted a stipulated motion to extend the pretrial deadlines. Dkts. 37, 38. On June 12, 2023, the Court granted the parties' stipulated motion, extending the discovery deadline to November 1, 2023, and the dispositive motion filing deadline to December 1, 2023. Dkt. 39.

Defendants filed their pending motion for partial judgment on the pleadings on August 1, 2023. Dkt. 42. Defendants argue therein that Defendants Cheryl Strange, Jack Warner, Eleam Dantavian, Susan Warner, Monte Walker, Lisa Anderson, Kari Styles, and Tanya Browne should be dismissed from this action on the grounds that Plaintiff has failed to state a claim against them. *Id*. Defendants further argue that, to the extent Plaintiff intends to assert a retaliation claim related to his transfer to a new housing unit, the claim is barred by the doctrine of res judicata. *Id*.

### III.   DISCUSSION

**A.   Applicable Standards**

   *1.   Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(c)*

Defendants seek a judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. A judgment on the pleadings is properly granted when, taking all allegations in the pleadings as true, the moving party establishes that no material issue of fact remains and that it is entitled to judgment as a matter of law. *Enron Oil Trading & Transp. Co. v. Walbrook Ins. Co., Ltd.*, 132 F.3d 526 (9th Cir. 1997).

A motion pursuant to Rule 12(c) is reviewed under the same standard as a motion pursuant to Fed. R. Civ. P. 12(b)(6). *See Gregg v. Hawaii, Dep't of Public Safety*, 870 F.3d 883,

887 (9th Cir. 2017). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Dismissal may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In considering a motion to dismiss, the Court accepts all facts alleged in the complaint as true and makes all inferences in the light most favorable to the non-moving party. *Barker v. Riverside Cnty. Office of Educ.*, 584 F.3d 821, 824 (9th Cir. 2009) (citations omitted). The Court also liberally construes a *pro se* pleading. *Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010); *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). However, the Court "may not supply essential elements of the claim that were not initially pled." *Pena*, 976 F.2d at 471.

      2.      Section 1983 Standard

In order to sustain a cause of action under 42 U.S.C. § 1983, a plaintiff must show that (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The causation requirement of § 1983 is satisfied only if a plaintiff demonstrates that a defendant did an affirmative act, participated in another's affirmative act, or omitted to perform an act which he was legally required to do that caused the deprivation complained of. *Arnold v. Int'l Bus. Mach. Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981) (citing *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978)).

"The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988).

**B.     Analysis**

    *1.     Defendants Strange, J. Warner, Dantavian, S. Warner, and Walker*

Defendants argue that DOC Secretary Cheryl Strange, Superintendent Jack Warner, and Correctional Officers Eleam Dantavian, Susan Warner, and Monte Walker should be dismissed from this action because Plaintiff makes no allegations against these individuals in his amended complaint. Dkt. 42 at 3. Plaintiff, in his response to Defendants' motion, does not argue otherwise, he merely asks that he be granted leave to amend his complaint as to Defendants Dantavian, S. Warner, and Walker so that he can articulate viable causes of action against these three Defendants. Dkt. 43 at 2. Defendants indicate in their reply brief that they do not object to allowing Plaintiff to amend his complaint as to these three Defendants, but they ask that all claims against Defendants Strange and J. Warner be dismissed. Dkt. 44.

Defendants are correct that Plaintiff fails to explain in his amended complaint how Defendants Strange, J. Warner, Dantavian, S. Warner, and Walker violated his rights, and he fails to show a causal connection between these Defendants' actions and the harm he alleges he suffered. As described above, the causes of action advanced by Plaintiff in his amended complaint primarily implicate his rights under the Eighth Amendment. The parties appear to agree that Plaintiff may be able state viable causes of action against Defendants Dantavian, S. Warner, and Walker if given an opportunity to amend. However, the Court is unable to discern from Plaintiff's amended complaint how he might conceivably state a cause of action under the Eighth Amendment against either Defendant Strange or Defendant J. Warner. There is no

suggestion in the record that either of these two Defendants had any personal involvement with Plaintiff relative to the mental health and medical care claims at issue here. Defendants Strange and J. Warner should therefore be dismissed from this action, and Plaintiff should be granted an opportunity to file an amended complaint curing his claims against Defendants Dantavian, S. Warner, and Walker.

### 2. *Defendants Browne, Anderson, and Styles*

Defendants argue that Plaintiff's claims against Dr. Tanya Browne, Associate Superintendent Lisa Anderson, and Correctional Program Manager Kari Styles should be dismissed because Plaintiff's allegations are insufficient to establish a plausible claim for relief against any of these Defendants. Dkt. 42 at 3-4. Plaintiff indicates in his response to Defendants' motion that he agrees Dr. Browne can be dismissed from this action. Dkt. 43 at 2. This Court concurs that dismissal of Dr. Browne is appropriate. Plaintiff alleges in his amended complaint that Dr. Browne sent and received email (Dkt. 7 at ¶¶ 3.8, 3.9, 3.41, 3.42, 3.43, 3.45, 3.47), that he was told by Dr. Drake that she and Dr. Browne would address issues with custody staff (*Id*. at ¶ 3.66), and that he had an ongoing conflict-of-interest with Dr. Browne related to pending litigation (*Id*. at ¶ 3.68). Plaintiff does not allege that Dr. Browne refused to provide him care or that she in any way interfered with his ability to receive necessary care. In sum, Plaintiff has not demonstrated that Dr. Browne personally participated in the violation of his Eighth Amendment rights or caused him any harm and, thus, Plaintiff has failed to state a plausible claim for relief against this Defendant. Dr. Browne should therefore be dismissed from this action.

Plaintiff likewise fails to state a plausible claim for relief against either Defendant Anderson or Defendant Styles. With respect to Associate Superintendent Anderson, Plaintiff

alleges that this Defendant sent and received email, apparently relating to Plaintiff's move between housing units (*see* Dkt. 7 at ¶¶ 3.27, 3.28, 3.30, 3.31), and that she "began a pressure campaign" against mental health counselor Alicia St. Jean (*id*. at ¶ 3.28). These allegations are insufficient to establish Defendant Anderson's personal participation in the violation of Plaintiff's Eighth Amendment rights, or to demonstrate that this Defendant caused the harm Plaintiff complains of. Indeed, nothing in the record suggests that Defendant Anderson had any direct involvement with Plaintiff relative to the Eighth Amendment claims he asserts in this action. Defendant Anderson should therefore be dismissed from this action.

With respect to Correctional Program Manager Styles, Plaintiff alleges that this Defendant met with Dr. Drake concerning the processing of Plaintiff's mail (Dkt. 7 at ¶ 3.20), that she was contacted by other MCC-SOU staff members about putting Plaintiff on the moves meeting agenda (*id*. at ¶ 3.21), and that she forwarded an email to Superintendent Warner about Plaintiff having been admitted to the COA (Close Observation Area) (*id*. at ¶ 3.44). These allegations do not implicate Defendants Styles in the violation of Plaintiff's Eighth Amendment rights, nor do they suggest any personal participation by this Defendant in causing the specific harm alleged in Plaintiff's amended complaint. Thus, Defendant Styles should also be dismissed from this action.

        3.     Retaliation

Finally, Defendants argue that to the extent Plaintiff asserts in his amended complaint retaliation claims against Dr. Karie Rainer, Dr. Traci Drake, Associate Superintendent Anderson, and Correctional Program Manager Styles, the claims are barred by res judicata as they were, or should have been, litigated in *Perez v. Grey*, No. C21-00095-LK, another of Plaintiff's actions currently pending in this Court. Dkt. 42 at 4. Plaintiff indicates in his response that he agrees he

cannot raise in this action the same retaliation claim against these four Defendants as he raised in *Perez v. Grey*. Dkt. 43 at 2.  It is not entirely clear whether Plaintiff intended to assert a retaliation claim in this action.  As noted above, Plaintiff included in his statement of facts allegations suggesting he is attempting to assert a retaliation claim relating to his transfer to his current housing unit, but he did identify a retaliation claim in his list of causes of actions.  However, assuming Plaintiff did intend to assert such a claim, the claim is properly dismissed as the parties agree that any intended retaliation claims against Defendants Rainer, Drake, Anderson, and Styles relating to Plaintiff transfer cannot be raised in this action.

    4. *Defendants Rainer and Drake*

  An issue not clearly addressed in Defendants' motion for judgment on the pleadings is the viability of any intended Eighth Amendment claims against Defendants Rainer and Drake.  Defendants appear to construe Plaintiff's amended complaint as asserting only retaliation claims against these two Defendants given that they reference these Defendants only in relation to the issue of retaliation but seek dismissal of all claims asserted against these two Defendants.  *See* Dkts. 42, 44.  However, it appears from the amended complaint that Plaintiff has also asserted Eighth Amendment claims against these two individuals.  As with much of Plaintiff's amended complaint, Plaintiff's allegations in this regard lack some clarity, but the Court cannot conclude on the current record that Plaintiff would be unable to state plausible Eighth Amendment claims against these two Defendants if given an opportunity to do so.  Accordingly, while any intended retaliation claims against Defendants Rainer and Drake are properly dismissed, Plaintiff should be granted leave to amend his complaint to the extent he believes he has viable Eighth Amendment claims to assert against these two Defendants.

## IV. CONCLUSION

Based on the foregoing, this Court recommends that Defendants' motion for partial judgment on the pleadings be granted in part and denied in part. Specifically, Defendants' motion should be granted with respect to all claims asserted against Defendants Strange, J. Warner, Browne, Anderson, and Styles, and these five Defendants should be dismissed from this action. Defendants' motion should also be granted with respect to any retaliation claim Plaintiff intended to assert against Defendants Rainer, Drake, Anderson and Styles. Defendants' motion should be denied to the extent it seeks dismissal of all claims against Defendants Rainer and Drake because Plaintiff's Eighth Amendment claims against these Defendants remain at this time. This Court further recommends that Plaintiff be granted leave to file a second amended complaint refining and clarifying his Eighth Amendment claims against Defendants Rainer, Drake, Dantavian, S. Warner, and Walker. A proposed Order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **fourteen (14) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14) days** after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **October 20, 2023**.

DATED this 2nd day of October, 2023.

S. KATE VAUGHAN
United States Magistrate Judge