UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DANIEL JAY PEREZ,<br><br>                    Plaintiff,<br><br>      v.<br><br>CHERYL STRANGE, *et al.*,<br><br>                    Defendants. | CASE NO. C23-5008-JHC-MLP<br><br>ORDER DIRECTING SUPPLEMENTAL BRIEFING ON PLAINTIFF'S MOTION FOR SANCTIONS |

This is a civil rights action proceeding under 42 U.S.C. § 1983.  Plaintiff has submitted to the Court for consideration a motion for sanctions for spoliation of evidence.  Dkt. 55.  At issue is security video regarding a self-harming incident that occurred at the Monroe Correctional Complex ("MCC") – Special Offender Unit ("SOU") on February 25, 2022, which Defendants were unable to locate and produce during discovery.  *See id*.  Defendants have opposed Plaintiff's motion.  Dkt. 58.  The Court, having reviewed all briefing and exhibits submitted by the parties, concludes that additional briefing is necessary before it proceeds to resolution of Plaintiff's motion.  Specifically, the Court requires supplemental briefing addressing each of the questions set forth below.

**First**, assuming the existence of a duty to preserve evidence in the circumstances of this

ORDER DIRECTING SUPPLEMENTAL
BRIEFING - 1

case, who bore that duty? Defendants argue that Defendant Larry Conner, to whom Plaintiff's motion for sanctions appears to be directed, was not the person responsible for retaining the video that has been lost. Did the Washington Department of Corrections, or some other individual, have a duty to preserve the evidence and, if so, can that duty be imputed to the Defendants in this case?

**Second**, the prejudice inquiry in the spoliation context "looks to whether the [spoiling party's] actions impaired [the non-spoiling party's] ability to go to trial or threatened to interfere with the rightful decision of the case." *Leon v. IDX Systems Corp.*, 464 F.3d 951, 959 (9th Cir. 1996) (internal quotation and citation omitted). How, if at all, did the loss of the video impair Plaintiff's ability to go to trial or to effectively present his case at trial such as to interfere with a rightful decision in this case?

**Third**, assuming a duty to preserve, and the existence of prejudice, what measures are necessary to cure any such prejudice related to the loss of the video?[1]

Based on the foregoing, this Court hereby ORDERS as follows:

(1) Plaintiff shall file a supplemental brief, not later than ***Friday, March 29, 2024***, addressing each of the foregoing questions.

(2) Defendants shall file a response to Plaintiff's supplemental brief not later than ***Friday, April 12, 2024***.

(3) Plaintiff's motion for sanctions (Dkt. 55) is RE-NOTED for consideration on ***Friday, April 12, 2024***.

//

---

[1] The Court does not require supplemental briefing with respect to the adverse inference instruction as that issue has been adequately briefed.

ORDER DIRECTING SUPPLEMENTAL
BRIEFING - 2

(4)     The Clerk is directed to send copies of this Order to all counsel of record and to the Honorable John H. Chun.

DATED this 12th day of March, 2024.

S. KATE VAUGHAN
United States Magistrate Judge

ORDER DIRECTING SUPPLEMENTAL
BRIEFING - 3